IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA MICHELLE MONTANO,

 Plaintiff,

v.                     1:21-cv-00139-JCH-LF

CENTRAL LOAN ADMINISTRATION &
REPORTING d/b/a CENLAR FSB, a New
Jersey corporation, as successor-in-interest to
CitiMortgage, Inc.; CITIMORTGAGE, INC.; and BANK
OF NEW YORK LOAN TRUST 2005-RP2, Mortgage Pass-
Through Certificates, Series m2005-RP2, U.S. BANK
NATIONAL ASSOCIATION, as Trustee,
Successor-in-Interest to Wachovia Bank
National Association, as Trustee,

 Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**
**ON DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendant CitiMortgage, Inc.'s Motion to Dismiss, filed on March 4, 2021. Doc. 9. Plaintiff Veronica Montano filed a response on March 31, 2021.[1] Doc. 16. CitiMortgage filed a reply on April 19, 2021. Doc. 18. Senior United States District Judge Judith C. Herrera referred this case to me pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the

---

[1] Ms. Montano's response was not timely. Under the local rules, a response "must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). CitiMortgage served the motion to dismiss on March 4, 2021, by mailing it to Ms. Montano. Doc. 9 at 9. Ms. Montano therefore was allowed three additional days to file her response, which made her response due no later than March 21, 2021. *See* D.N.M.LR-Civ. 7.4(a); FED. R. CIV. P. 6(d). Ms. Montano filed her response ten days after the deadline. The Court considered Ms. Montano's response despite its untimeliness. Ms. Montano is reminded that she must comply will all deadlines and rules. Future untimely responses will not be considered.

case." Doc. 17. Having reviewed the briefing, the law, and being otherwise fully advised, I recommend that the Court GRANT the motion.

## I. Factual and Procedural Background

Ms. Montano filed this case as a Complaint to Quiet Title in the State of New Mexico, County of Sandoval, Thirteenth Judicial District Court. Doc. 1-2. In her complaint, Ms. Montano seeks to quiet title to her residence located in Rio Rancho, New Mexico, pursuant to the New Mexico Quiet Title Act, N.M. STAT. ANN. § 42-6-1, *et. seq.* Doc. 1-2. Ms. Montano acknowledges that there is a mortgage on the property, and that she continues to make monthly payments on the mortgage. *Id*. ¶¶ 20–22. Ms. Montano asserts, however, that the "existing mortgage lien is invalid as it is unsecured to the Property absent the Note." *Id*. ¶ 19. Ms. Montano also alleges that the mortgage and note were discharged in her ex-husband's bankruptcy case. *Id*. ¶ 18.

This case was removed to this Court on February 18, 2021 by defendant CitiMortgage based on diversity jurisdiction. Doc. 1. CitiMortgage filed its motion to dismiss pursuant to Rule 12(b)(6) on March 4, 2021. Doc. 9. In its motion, CitiMortgage argues that Ms. Montano cannot maintain a quiet title action based merely on perceived weaknesses in CitiMortgage's title. *Id*. at 3–7. CitiMortgage also asserts that a mortgage lien is not invalidated in a bankruptcy discharge. *Id.* at 7–8. For the reasons explained below, I agree with CitiMortgage and recommend that the Court dismiss all claims against CitiMortgage with prejudice.

## II. The Law Regarding Dismissal for Failure to State a Claim

Defendant CitiMortgage has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 9. In applying Rule 12(b)(6), the Court must accept all well-pled factual allegations, but not

conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The Court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is factually or legally insufficient to state a plausible claim for relief. *Id*.

Ms. Montano is proceeding pro se. In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. *Hall,* 935 F.2d at 1110. Nor may the Court assume the role of advocate for the pro se litigant. *Id*.

### III.     Plaintiff's Complaint Fails to State a Claim Against CitiMortgage.

#### A. Plaintiff Cannot Maintain a Quiet Title Action Based on Perceived Weaknesses in CitiMortgage's Title.

In its motion, CitiMortgage argues that Ms. Montano cannot maintain a quiet title action based merely on perceived weaknesses in CitiMortgage's title. Doc. 9 at 3–7. Ms. Montano's response does not address this argument. *See* Doc. 16. Ms. Montano neither challenges the legal authorities cited by CitiMortgage, nor does she cite any legal authority which would support her quiet title claim. *See id*. Having reviewed the briefing, Ms. Montano's complaint, and the relevant law, I find that "it is 'patently obvious' that the plaintiff could not prevail on the facts

3

alleged." *Hall*, 935 F.2d at 1109. Ms. Montano's complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Ms. Montano's claim is factually and legally insufficient to state a plausible claim for relief under a quiet title claim. *Id*. I therefore recommend that the Court grant CitiMortgage's 12(b)(6) motion to dismiss.

### 1. Ms. Montano's complaint is factually insufficient to support a quiet title claim.

Ms. Montano's complaint is factually insufficient to support a quiet title claim. New Mexico law allows "anyone having or claiming an interest" in property to bring a quiet title action against "any person or persons, claiming title thereto . . . or lien thereon, whether such lien be a mortgage or otherwise." N.M. STAT. ANN. § 42-6-1. However, New Mexico courts have long held that a quiet title plaintiff must recover on the strength of her own title, not the perceived weaknesses of her adversary. *Ronquillo v. Sandoval*, 1962-NMSC-163, ¶¶ 6-7, 71 N.M. 459, 461, 379 P.2d 611, 612 ("This court has repeatedly held that the plaintiff in a suit to quiet title must recover, if at all, on the strength of his own title and not on the weakness of the title of his adversary."). In a quiet title action, plaintiff must both allege and prove that she has superior right to the property. *See Jackson v. Hartley*, 1977-NMSC-030, ¶ 29, 90 N.M. 428, 432, 564 P.2d 992, 996[2] (Plaintiff's "main effort has been directed toward proving the invalidity of [defendant's] title. Such proof is immaterial since [plaintiff] has the burden first to establish his own right to the property."). This Court has applied New Mexico law to grant a motion to dismiss a quiet title claim where the plaintiff did "not attempt to prove her own superior claim, but [instead sought only] to poke holes in [defendant's] claim." *Ortiz v. New Mexico Fed. Sav. & Loan Ass'n*, No. 18cv0059 RB/KK, 2018 WL 4346160, at *7 (D.N.M. Sept. 11, 2018).

---

[2] *Overruled on other grounds by Ortega, Snead, Dixon & Hanna v. Gennitti*, 1979-NMSC-056, ¶ 29, 93 N.M. 135, 597 P.2d 745.

4

Ms. Montano fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Ms. Montano's complaint does not allege that she has a superior right to the property.  Nor does it contain any facts making such a claim plausible.  In her complaint, Ms. Montano asserts a claim to quiet title to her residence at 502 Gral Trevino Dr. SE, Rio Rancho, NM 87124.  Doc. 1-2 ¶¶ 8–22.  Nowhere in the complaint, however, does Ms. Montano allege or present any facts showing that she has a superior claim to title.  *See generally* Doc. 1-2.  Indeed, Ms. Montano's complaint acknowledges that there is a mortgage on the property, and that she continues to make monthly payments on the mortgage.  *Id*. ¶¶ 20–22.  Ms. Montano alleges only that "she is not in default of the mortgage account but paying an incorrect owner of the Note."  *Id*. ¶ 21.  Rather than presenting any facts to support a superior claim to title, Ms. Montano merely alleges various defects in CitiMortgage's title.  *Id*. ¶¶ 10–19 (*e.g.*, ¶¶ 10–11 (alleging CitiMortgage is "unable to verify and certify . . .[that it is] the true owner and holder in due course of mortgage and note" or to present the Note for physical inspection); ¶ 12 (alleging that the "Note on the Property has been separated from the mortgage loan by means of lack of indorsement and physical possession"); ¶ 13 (alleging "title of the Note has been broken through invalid and unrecorded assignments"); ¶ 14[3] (admitting that she has been provided with copies of the note, but asserting that it was "without proper indorsement of payees and succession of interest"); ¶ 19 (alleging that "existing mortgage lien is invalid as it is unsecured to the Property absent the Note.")).

Ms. Montano's complaint does not allege that she has a superior right to the property. Nor does it contain any facts making such a claim plausible.  Ms. Montano fails to allege

---

[3] Ms. Montano included two paragraphs numbered 14 in her complaint.  The Court here refers to the first paragraph 14.

5

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court should grant CitiMortgage's motion to dismiss.

### 2. Ms. Montano's complaint is legally insufficient to support a quiet title claim.

The legal bases Ms. Montano uses to challenge CitiMortgage's title are legally insufficient to support a quiet title claim. Ms. Montano claims she is entitled to quiet title because CitiMortgage lacks possession of the physical note, because there are unrecorded assignments of the note, and under various provisions of the Uniform Commercial Code ("UCC"). *See* Doc. 1-2. CitiMortgage argues that Ms. Montano "does not challenge the validity of the Note itself, but rather attempts to 'poke holes' in [CitiMortgage's] *standing* to enforce the Note based upon her view of invalid assignments." Doc. 9 at 4. CitiMortgage argues that these challenges to its standing to enforce the note fail as a matter of law. *Id*. I agree that Ms. Montano's claims are legally insufficient to state a plausible claim for relief, and the Court therefore should dismiss them. *See Twombly*, 550 U.S. at 570.

Ms. Montano's claim that she is entitled to quiet title because CitiMortgage lacks physical possession of the note fails as a matter of law. Ms. Montano's complaint asserts that she is entitled to quiet title because CitiMortgage lacks physical possession of the Note. *See* Doc. 1-2 at ¶¶ 10–19 (*e.g.*, ¶¶ 10–11 (alleging CitiMortgage is "unable to verify and certify . . .[that it is] the true owner and holder in due course of mortgage and note" or to present the Note for physical inspection); ¶ 12 (alleging that the "Note on the Property has been separated from the mortgage loan by means of lack of indorsement or physical possession"). CitiMortgage admits that standing to enforce the note "is relevant at the time of foreclosure." Doc. 9 at 4. But as CitiMortgage points out, no foreclosure action has been filed against the subject property. *Id*. at 5. CitiMortgage asserts that "it is not aware of any New Mexico authority requiring a

6

mortgage holder to produce documentation sufficient to establish immediate standing to foreclose, at the behest and to the satisfaction of a borrower, or risk being subject to a pre-emptive quiet title action as [Ms. Montano] attempts here." *Id.* Ms. Montano does not point to any such legal authority in her response. *See* Doc. 16; *see also* D.N.M. LR-Civ. 7.3(a) (response "must cite authority in support of the legal positions advanced"). The Court agrees that Ms. Montano cannot file a pre-emptive quiet title action based on CitiMortgage's failure to produce documentation. Ms. Montano has cited no basis in law for quieting title based on her allegations of lack of physical possession of the note.

Ms. Montano's claim that she is entitled to quiet title due to unrecorded assignments is also without basis in law. Ms. Montano alleges in her complaint that "the chain of title of the Note has been broken through invalid and unrecorded assignments, unqualified possession, and non-payees of the original Note itself pursuant to NMSA 1978, § 14-9-1." Doc. 1-2 ¶ 13. The New Mexico statute requires that "[a]ll deeds, mortgages . . . assignments . . . and other writings affecting the title to real estate shall be recorded in the office of the county clerk of the county or counties in which the real estate affected thereby is situated." N.M. STAT. ANN. § 14-9-1. However, as CitiMortgage points out, these allegations cannot sustain a quiet title action. Under New Mexico law, the holder of a note is not precluded from enforcing the note merely by failing to record an assignment of a mortgage. *Hayden v. Speakman*, 1914-NMSC-077, ¶ 11, 20 N.M. 513, 150 P. 292, 295 ("the bona fide holder of negotiable paper, transferred to him by indorsement thereon before maturity, and secured by a real estate mortgage, need not record the assignment of the mortgage . . . ."). The New Mexico statute Ms. Montano relies upon, which requires the recording of mortgages "and other writings affecting title to real estate," does not

7

state that the transfer of the note must be recorded to be enforceable.  *See HSBC Mortg. Servs., Inc. v. Martinez*, No. 13cv508 KG-KK, 2015 WL 11089505, at *3 (D.N.M. June 1, 2015).

Finally, Ms. Montano's claim that she is entitled to quiet title pursuant to the UCC is without basis in law.  In her complaint, Ms. Montano asserts that "the original Note on the Property is unable to be located for physical verification and inspection upon numerous certified requests by the Plaintiff in accordance with the Uniform Commercial Code (UCC)."  *See* Doc. 1-2 ¶ 11.  Under the UCC, however, the present status and whereabouts of the note have no bearing on its validity and enforceability until such time as a party seeks to enforce it.  *See Deutsche Bank Nat. Tr. Co. v. Johnston*, 2016-NMSC-013, ¶¶ 22–23, 369 P.3d 1046, 1054 (standing established at time foreclosure action is filed).  As CitiMortgage explains

> [U]nder the UCC, a "[p]erson entitled to enforce an instrument" is not limited to a person in possession thereof.  NMSA 1978, § 55-3-301 ("'Person in possession' means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [other UCC provisions].").  "A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."  *Id*.  Nothing in the UCC requires a person entitled to enforce to prove such entitlement at the mere demand of a borrower.  *Id*.  Further, the UCC expressly provides that a note may be enforced when not in the present possession of a person entitled to enforce under certain circumstances.  *See* NMSA 1978, § 55-3-309(a).  Finally, the UCC contemplates that a former holder who reacquires a note may cancel indorsements made after it first came into possession and be entitled to negotiate and enforce the note after reacquisition. NMSA 1978, § 55-3-207.

Doc. 9 at 6–7.  Given these provisions in the UCC, Ms. Montano's prayer for relief that "Defendant, and any successors, and everyone claiming by, through or under them, be barred and forever estopped from having or claiming any lien upon, or any right, title or interest in or to the Property," Doc. 1-2 at 5, fails as a matter of law.  Even accepting as true Ms. Montano's implied allegation that CitiMortgage is not the current holder of the note, it does not follow that the note

8

is somehow invalidated, or that CitiMortgage may be "forever barred" from enforcing the note as a result.  Ms. Montano's claims under the UCC provide no legal basis for her quiet title action.[4]

### B. The Mortgage Lien is Not Invalidated in a Bankruptcy Discharge.

Ms. Montano alleges in her complaint that the mortgage on the property was "formally discharged" in her ex-husband's bankruptcy proceedings.  Doc. 1-2 ¶ 18.[5]  However, a bankruptcy discharge does not extinguish or otherwise invalidate a mortgage lien.  *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."); *Schueller v. Wells Fargo & Co.*, 559 F. App'x. 733, 735 (10th Cir. 2014) (unpublished) (same); *Jester v. Wells Fargo Bank N.A.* (*In re Jester*), 656 F. App'x. 425, 428 (10th Cir. 2016) (unpublished) (same).  The fact that Ms. Montano's ex-husband may have discharged his obligations in a bankruptcy proceeding is of no consequence in this quiet title action.

### IV.   Conclusion

Ms. Montano's complaint is legally and factually insufficient to state a plausible claim for relief.  *Twombly*, 550 U.S. at 570.  Ms. Montano has not pleaded sufficient facts or law to support a claim for quiet title against CitiMortgage.  I further recommend that the Court dismiss

---

[4] In her response, Ms. Montano argues that "CitiMortgage as a named party in the public record on title remains still [sic] constitutes a cloud on Plaintiff's title to the Property."  Doc. 16 at 2. The allegation that CitiMortgage is a cloud on the title is not contained in Ms. Montano's complaint.  *See* Doc. 1-2.  The Court therefore does not consider this allegation.  In considering a motion to dismiss, the Court may not consider matters outside the pleading.  *Twombly*, 550 U.S. 555.  Because the Court does not consider this allegation, the Court also does not consider CitiMortgage's rebuttal that this "argument is false."  Doc. 18 at 3.

[5] Ms. Montano does not allege that she was a party to the bankruptcy proceedings or that her obligations under the note and mortgage were discharged.  *See* Doc. 1-2.

Ms. Montano's claims against CitiMortgage with prejudice. CitiMortgage pointed out the deficiencies in Ms. Montano's complaint. In response, Ms. Montano never indicated that there were additional facts that she could allege to state a claim. The Court therefore finds that "it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). Accordingly, I recommend that the Court GRANT Defendant CitiMortgage, Inc's Motion to Dismiss (Doc. 9) and dismiss all claims against CitiMortgage with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge