IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA MICHELLE MONTANO,

    Plaintiff,

v.                                                                             1:21-cv-00139-JCH-LF

CENTRAL LOAN ADMINISTRATION &
REPORTING d/b/a CENLAR FSB, a New
Jersey corporation, as successor-in-interest to
CitiMortgage, Inc.;  CITIMORTGAGE, INC.; and BANK
OF NEW YORK LOAN TRUST 2005-RP2, Mortgage Pass-
Through Certificates, Series m2005-RP2, U.S. BANK
NATIONAL ASSOCIATION, as Trustee,
Successor-in-Interest to Wachovia Bank
National Association, as Trustee,

    Defendants.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION [ECF No. 21]**

THIS MATTER is before the Court on plaintiff Veronica Michelle Montano's objections to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 21), which were filed on December 23, 2021.  Doc. 23.  This matter was referred to Magistrate Judge Laura Fashing to recommend a disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3).  Doc. 17.  Judge Fashing issued her PFRD on Defendant Cenlar FSB's ("Cenlar") Motion to Dismiss (Doc. 8) on December 9, 2021—recommending that the Court grant the motion and dismiss all claims against Cenlar with prejudice.  Doc. 21.  In her objections, Ms. Montano argues that the magistrate judge erred in recommending the Court grant Cenlar's motion to dismiss.  Doc. 23.  Following a de novo review of those portions of the PFRD to which Ms. Montano objected, I find no error in the magistrate judge's analysis.  I therefore overrule Ms. Montano's objections and adopt the magistrate judge's PFRD.

On December 9, 2021, the magistrate judge issued a PFRD on Defendant Cenlar FSB's Motion to Dismiss (Doc. 8). Doc. 21. The PFRD recommended the Court grant Cenlar's Rule 12(b)(6) motion to dismiss because Ms. Montano's complaint was factually and legally insufficient to state a plausible claim for relief under a quiet title claim. *Id*. at 3–8.[1] The PFRD explained that Ms. Montano's complaint was factually deficient because it failed to allege that she had a superior right to the property. *Id*. at 4 (citing *Ronquillo v. Sandoval*, 1962-NMSC-163, ¶¶ 6-7, 71 N.M. 459, 461, 379 P.2d 611, 612 ("This court has repeatedly held that the plaintiff in a suit to quiet title must recover, if at all, on the strength of his own title and not on the weakness of the title of his adversary.")). The PFRD also explained that the legal bases Ms. Montano used to challenge Cenlar's title—Cenlar's lack of possession of the physical note, the possibility of unrecorded assignments, and various provisions of the Uniform Commercial Code ("UCC")—were legally insufficient to support a quiet title claim. *Id*. at 6–8.

On December 23, 2021, Ms. Montano filed "Plaintiff's Response in Opposition to Proposed Recommended Disposition on Defendant Cenlar FSB's Motion to Dismiss." Doc. 23. The Court construes this as objections to the PFRD. In considering objections, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *One*

---

[1] The PFRD also recommended the Court reject Ms. Montano's claim that her mortgage lien was "formally discharged" in her ex-husband's bankruptcy proceedings. Doc. 21 at 8–9. Ms. Montano raises no objection to the PFRD's analysis of this issue; therefore, any objections to this issue are waived. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

*Parcel*, 73 F.3d at 1060.  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ." *Id*.

Ms. Montano's objections contain minimal factual or legal points of contention with the PFRD.  Ms. Montano specifically refers to the PFRD only three times.  Ms. Montano's objections show a faulty understanding of the burdens of proof connected to a motion to dismiss, and they are without merit.  As the magistrate judge explained, in deciding a motion to dismiss for failure to state a claim:

> A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. [544,] 570 [2007].  A claim should be dismissed where it is factually or legally insufficient to state a plausible claim for relief.  *Id*.

Doc. 21 at 2–3.  The magistrate judge recommended the Court dismiss Ms. Montano's claims against Cenlar because her complaint was factually and legally insufficient to state a plausible claim for relief under a quiet title claim.  *Id*. at 3–9.  Ms. Montano's objections neither argue nor demonstrate that her complaint was somehow factually or legally sufficient.

Ms. Montano's first objection suggests the Court should require Cenlar to "provide sufficient evidence" about the note and succession of title.  Doc. 23 at 2, ¶ 8 (stating that she "objects to the Conclusion in the Proposal [that] 'Ms. Montano's complaint is legally and factually insufficient to state a plausible claim for relief[]'  considering [Cenlar] failed to provide sufficient evidence as to the note itself, succession of title with respect to the real property, and claims made in the Complaint.").  The magistrate judge found, however, that Ms. Montano's claims that she was entitled to quiet title because Cenlar lacked physical possession of the note, and because of unrecorded assignments, were without any basis in law.  Doc. 21 at 6–8.  I agree with the magistrate judge's analysis.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.  Ms. Montano failed to state a plausible

3

claim for relief, and Cenlar, therefore, was not required to provide proof of possession of the note or succession of title. This objection is without merit.

Ms. Montano's second objection faults the PFRD for failing to require Cenlar to produce exhibits and evidence. Doc. 23 at 3, ¶ 11 ("The Proposal fails to point to any evidence (or produce any exhibit supporting [Cenlar's] argument) that gives reason to grant Defendant Cenlar, FSB's Motion to Dismiss."). At the motion to dismiss stage, Ms. Montano has the burden to allege sufficient facts and law to state a plausible claim for relief. A motion to dismiss based on failure to state a claim tests the sufficiency of the complaint. Ms. Montano failed to meet her burden, and Cenlar is not required to provide evidence on the merits at this stage. This objection also is without merit.

Ms. Montano's third objection asserts that the "[f]indings of fact outlined in the Proposal were not supported by substantial evidence . . . ." *Id*. at 4, ¶ 15. This objection is not "sufficiently specific." *One Parcel*, 73 F.3d at 1060 (citing *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.")). Ms. Montano fails to point to any specific error in the magistrate judge's analysis or recommendations with this objection. The Court finds the PFRD well-reasoned and well-supported, and will overrule the objections and adopt the PFRD.

Other than the three references to the PFRD discussed above, Ms. Montano raises no other objections to the PFRD. Ms. Montano mentions issues connected to possession of the mortgage note and assignments of the mortgage several times. Doc. 23 at 2–4, ¶¶ 3–10, 13, 14, 16. Ms. Montano also references the UCC several times. *Id*. at 1–4, ¶¶ 1, 4, 10, 16. None of these references, however, raise specific challenges to the PFRD. Instead, these arguments go to the merits of her claim, which is not at issue in a motion to dismiss. Ms. Montano raises no

specific challenges to the PFRD's analysis finding that the legal bases that Ms. Montano used to challenge Cenlar's title—Cenlar's lack of possession of the physical note, the possibility of unrecorded assignments of the note, and various provisions of the Uniform Commercial Code ("UCC")—were legally insufficient to support a quiet title claim.  Doc. 21 at 6–8.

**IT IS THEREFORE ORDERED** that the objections are overruled, and the proposed findings and recommended disposition of the magistrate judge, Doc. 21, are adopted.

**IT IS FURTHER ORDERED** that Defendant Cenlar FSB's Motion to Dismiss (Doc. 8) is GRANTED, and all claims against Cenlar are dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE